# CV 18-6704

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CHEN, J.**

**BLOOM, M.J.**

============================== X

AMIN R. MOHAMMED

RECEIVED
NOV 26 2018
PRO SE OFFICE

                Plaintiff,

                **FEDERAL COMPLAINT**

-AGAINST-

                Docket No# _____

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), A
CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED
STATES OF AMERICA

                Defendant(s)

============================== X

TO: ALL NAMED DEFENDANTS HEREIN

Plaintiff **Amin R. Mohammed** each appearing Pro-Se herein as individual party plaintiffs, being duly sworn, depose and say for its Complaint in support of a summons, alleged claims against defendants as follows:

**COUNT ONE:** UNFAIR TRADE PRACTICES INVOLVING NON- COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ

**COUNT TWO:** DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635, ET. SEQ.

**COUNT THREE:** MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ

**COUNT FOUR:** MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ

**COUNT FIVE:** RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

COUNT SIX: <u>DISCEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ</u>

COUNTY SEVEN: <u>NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ</u>

COUNT EIGHT: <u>FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ</u>

COUNT NINE: <u>INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ</u>

COUNT TENTH: <u>FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z</u>

COUNT ELEVENTH: <u>FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18</u>

COUNT TWELVE: <u>FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18</u>

COUNT THIRTEEN: <u>VIOLATION FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4</u>

- That at all time hereinafter mentioned, plaintiff **Amin R. Mohammed,** was and still is a resident and has conducted business and has residence in New York State, County of Kings, and he resides is located 448 Shepherd Avenue, Brooklyn, New York .

- That at all-time hereinafter mentioned, defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE, has been conducted business within in the State of New York with a business located at c/o.

- That at all time hereinafter mentioned, defendant FEDERAL DEPOSIT INSURANCE CORPORATION engaged in illegal foreclosure and sale by way of fraudulent assignment of mortgage and unconstitutional judicial process and due process rights.

- .That the foreclosure action bearing index number 507312/2014 shows that an action against the mortgage borrower was commenced by defendant and its agents and attorneys at the direction of the defendant.

- That upon information and belief, the defendant engaged in the illegal foreclosure of a mortgage absent (a) CPLR 3408 Settlement Conference,

(b) RPAPL 1304 notice of acceleration and service of process via personal service of the summons and complaint.

### First Claim

- The plaintiff, **Amin R. Mohammed** reallege all prior paragraphs of the pleadings as if set out here in full effect and force.

- The theft of equity and fraud were among some of the actions by the defendants in which there was an agreement and lack of subject matter jurisdiction regarding the foreclosure action that was violated by the defendants in which a sale of the property has a judgment of sale.

- The plaintiff herein claims that the defendant participated in fraud and predatory lending.

- A duty to notify was owed to plaintiff by the defendants.

- A duty was breached when both defendants, in a conspiracy, failed to inform, notify and provide current information as to the process and procedures with the returning of the real property after the duration of one year.

- The breach of contract and verbal agreement caused a financial hardship on the plaintiff and because of the threat of a foreclosure and sale, the plaintiff demands damages in the amount of $ 250,000.00 dollars.

- The defendants engaged in wrongful and deceptive conduct and the theft of equity warrant that judgment is made against them.

- Damage in this case exceeds over $ 250,000.00 dollars.

- Long term financial injury and emotional pain and suffering and atypical hardship.

- That the defendants failed to [i] notify the plaintiff, [b] inform the plaintiff of the plans to short-sale the property during the initial transactions of the straw buying process.

## SECOND CAUSE OF ACTION

- The plaintiff, **Amin R. Mohammed** reallege all prior paragraphs of the pleadings as if set out here in full effect and force.

- That the plaintiff did make payments to the borrower and a deposit and down payment for the eight years that he resided therein and have proofs of payments of previous mortgage made out to the defendant and without any notice, the property been sold at an auction.

## Abuse of Process

- The plaintiff Amin R. Mohammed realleges all paragraphs as if set forth herein in full force and effect.

- There are numerous of such abuse of process claims filed in this action; however, the plaintiff does reserve the right to recall such a claim, if necessary after discovery of the case.

## Fifth Claim for relief
## Slander of Title

- The plaintiff Amin R. Mohammed realleges all paragraphs as if set forth herein in full effect and force.

- That the defendants collectively and individually engaged in fraud of title by signing assignment of mortgage executed by an individual who has been known to engage in fraud in which warrant a criminal investigation and damages against all defendants involved.

- That there are several such claims for slander of title but only the adverse possession thereof and that as a direct result of the illegal foreclosure action and the subsequent lis pendis warrant that such adverse possession case be commenced thereof.

- That the defendants failed to attached any other supporting documents, including but not limited to the note and mortgage to the complaint and that in reading the entire mortgage documents, it is unclear as to (i) the type of mortgage issued to plaintiff absent a rider, and (ii) whether the mortgage was a fixed or adjustable rate loan, and (iii) whether the mortgage was conventional or otherwise should have been stated with the accompanied moving papers by the defendants in the foreclosure proceedings therein.

- Then there comes the issue as it relates to predatory lending in which the plaintiff argues that there are numerous concerns that plaintiff along with known and unknown assigns and its trustee participated in such illegal and unconstitutional practice.

- Predatory lending has become one of the most critical policy issues facing the financial services industry, particularly mortgage lending.

- Nearly every federal financial services regulatory agency has publicly denounced predatory lending and called for more effective regulation to address it.

- Legislation has been proposed in Congress and several states to combat predatory lending, and trade associations and individual financial institutions have declared their concerns.

- Also, the Federal Reserve Board has proposed a rule to require lenders to report annual percentage rates for all loans, a measure that could help identify predatory lenders.

- Predatory loans are characterized by excessively high interest rates or fees, and abusive or unnecessary provisions that do no benefit the borrower, including balloon payments or single-premium credit life insurance, large prepayment penalties, and underwriting that ignores a borrower's repayment ability.

- Yet, although high interest rates or fees are common characteristics of predatory loans, high-cost loans are not necessarily predatory.

- Today, predatory lenders use sophisticated technology and numerous sources of publicly available data to identify potential customers.

- They market their products to customers they identify as financially unsophisticated or vulnerable, and therefore most likely to accept highly unfavorable loan terms.

- In particular, as in the matter before this court, predatory lenders look for people with limited education who are not adept in financial matters and lack financial sophistication to scrutinize loans.

- Such lenders often prey on household that have limited incomes but significant equity in their homes.

- The second characteristic of a predatory loan is the set of abusive terms it contains.

- Predatory loan terms are structured to extract the greatest possible return to the lender.

- For equity stripping purposes, they are also routinely designed to preclude a borrower's ability to repay the loan, just as this case demonstrates.

- The loan itself may be unnecessarily large, even in excess of 100 percent loan to value ration.

- As long as the amount of the loan exceed the fair market value of the home it is difficult for the owner to refinance the mortgage or to sell the house to pay off the loan.

- Negative amortization loans are structured so that interest is not amortized over the life of the loan and the monthly payment is insufficient to pay off the accrued interest.

- The principal balance therefore increases each month and at the end of the loan term, the borrower may owe more than he or she originally borrowed in stated amount.

- Aside from the loan itself, typically offered at very high interest rates, the loan terms often include inflated and padded cost, such as excessive closing or appraisal charges or fictitious appraisal reports, just as in this case, high origination and other administrative fees and exorbitant prepayment penalties that trap lower income borrowers into the sub-prime market.

- While prepayment fees are rarely charged in the prime market-some 2 or 3% of the mortgage carry them and they are included in 80% of subprime mortgage within the local areas of urban neighborhood.

- Fraudulent behavior is the third identifying characteristic of a predatory loan.

- It refers to illegal management by the lender of the loan transaction to extract the maximum value for the lender.

- Fraudulent behavior might include: 1) failure to explain the terms of the loan or providing obscure information, and 2) using high-pressure tactics to force a prospective borrower to continue through the loan application process in cases in which the customer would prefer to discontinue the process, and 3) omitting explanations of credit life insurance or balloon payments, and 4) discouraging borrowers from exploring lower-cost options.

- The plaintiff did not have the liberty to obtain the entire closing documents or the HUD-1 statements; however, upon information and belief, there was an issue of predatory lending as it relates to the closing of the property.

- Nevertheless, plaintiff is requesting that this court issue a declaratory judgment with a stay of the foreclosure sale in order to allow for the undersigned to raise these significant issues and to conduct a preliminary conference for the purpose of obtaining back their home.

- That the defendants along with others known and unknown to these proceedings are the sole entity responsible for the increase of those high cost loans while knowing that the defendant was not qualified to purchase a mortgage at the income rate.

- That defendant and others had participated in a scheme and was forced and compelled to borrow consecutive loans as a result of the high-pressure abusive fraudulent behavior that is characterized by the predatory lenders and despite the fact that he was not making the income in order meet the debt that these mortgage loans incurred.

- That the plaintiff was not made aware of any such increase in fees, cost and expenses in connection with the mortgage or the assignment of mortgage itself in connection with the proper because they were not the purchasers

of the sub-prime mortgage nor were they prived to the information at that time.

- Furthermore, the mortgage was illegally foreclosed and the plaintiffs were illegally evicted under false pretends because the moving party in the foreclosure action does not legally own the property nor do plaintiff have legal standing to commence such an action, **Kluge v. Fugazy**, 145 A.D. 537, 536 N.Y.S. 2d 92, also see **Merritt v. Bartholick**, 36 N.Y. 44, 45, **Flyer v. Sullivan**, 284 App Div 697, **Manne v. Carlson**, 49 App. Div. 276 where the court held that '....we find that the written agreement and assignment between the parties were clear and unambiguous...'[].

- The plaintiff herein demands for a declaratory judgment pursuant to 1921 RPAPL (2) in order to be granted the relief of an order that declare the mortgage issued by those named herein plaintiff or its trustee be deemed to be predatory lending and to discharge the loans in its totality and to include any and all foreclosure proceedings orders and judgments made in connection with both the foreclosure action.

- In the alternative, defendant demands that the plaintiff be directed to pay for the entire balance of defendant's interest in the property including maintenance and restoration and repairs in the sum of 250,000.00 dollars would suffice for the damages caused by the frivolous actions filed by the defendant.

- That the defendants collectively as well as in their individual capacities are liable for the damages to the plaintiff's financial problems and the fact that the defendant put an extensive amount of equity into the property since the judgment of foreclosure and sale.

- That an extensive discovery of the facts, including [1] a copy of the note, and [2] a certificate of conformity, [3] a trust and power of attorney, [4] the cancellation of the lis pendens for lack of the attorney's certificate pursuant to 22 NYCRR 130.1-1 [c].

- The defendants along with others, by way of the assignment of mortgage, must be compelled to answer as well whether other sources of *income verification* was made and to show and product the documents relating to the supporting facts for the increase in the mortgage payments. In that the

assignment of mortgage is defective and lacks the proper evidence of (1) the power of attorney from the lending bank to the agent commencing the action in foreclosure, and (2) a corporate resolution or agreement, and (3) a certificate of merit among other things.

- That the plaintiffs' actions did not contribute to the injuries caused by those named herein and because these proceedings were conducted in hindsight and personal delivery of the process was not met, this court must dismiss the entire matter with prejudice coupled with the dismissal of the complaint and cancellation of the lis pendens herein.

- In the matter of <u>Citi Mortgage, Inc., v. Gretchen Brown, et, al.</u>, of the Supreme Court ,I.A.S Term, Part 37, Suffolk County, *Hon. Joseph Farneti, J.*, [Index No. 30755/2007], the court held the following, ["....in order to prove standing, plaintiff must demonstrate that it was the owner of the note and mortgage at the time it commenced this foreclosure action, quoting, <u>Fannie Mae v. Youkelsone</u>, 303 A.D. 2d 546 [2003]..".].

- Foreclosure of a mortgage may not be brought by one who has no title to it, and absent transfer of the debt, the assignment of the mortgage is a nullity, <u>Kluge v. Fugazy</u>, 145 A.D. 2d 537 [1988]. The note secured by the mortgage is a negotiable instrument; see UCC 3-104, which requires indorsement on the instrument itself, or on a paper so firmly affixed thereto as to become part thereof, UCC 3-202[2] in order to effectuate a valid assignment of the entire instrument.

- That the next important concern is that the defendants I are not the proper and legal owner of the premises at issue and that the note was separated from its debt which violates state laws, see <u>Griffey v. New York Cent. Ins. Co.</u>, 100 N.Y. 417, and because of the assignment of mortgage plaintiff has no legal right to ownership thereof, <u>Leon v. Martinez</u>, 84 N.Y. 2d 83, <u>Costal Commercial Corp. v. Kosoff & Sons</u>, 199 N.Y.S. 2d 852. The note secured by the mortgage is a negotiable instrument which requires *indorsement* on the instrument itself *'...or on a paper thereof in order to effectuate a valid'*...assignment of the entire instrument...' <u>UCC 3-104, UCC 3-202 [2] , UCC 3-202[3], [4]</u>, also see the matter of <u>Flyer v. Sullivan</u>, 284 App. Div. 697 and <u>Manne v. Carlson</u>, 63 N.Y.S. 162.

- The plaintiffs argue that this court lacked subject matter jurisdiction in connection to the issue of '….the proper party commencing an action for which it did not have legal standing to do so…', and that such unconstitutional act to permit a judgment of foreclosure and sale in violation of the law, must be vacated or rescinded in order to cure the injustice by which plaintiff perpetuated from the out start.

- Standing is the ability to commence litigation in a court of law. It is the threshold issue---a court must determine whether a litigant has the legal capacity to pursue claims before the court can adjudicate the dispute.

- That no other persons are beneficially interested in the outcome of these proceedings herein.

WHEREFORE, the deponent Amin R. Mohammed appearing pro-se herein respectfully request of the court as follows:

[a].    That the plaintiffs' have and recover against the real property located at 448 Shepherd Avenue, Brooklyn, NY 11208 and;

[b]. That the plaintiffs retain full access of said property and that the loan be discharged in the interest of justice pursuant to RPAPL 1921, and further;

[c]. That this court enter an order voiding any and all indica of ownership or the transfer of such ownership to any such third party pending the determination of such case herein;

[d]. That the defendants provide, produce and bring forthwith all records, data, files and other papers in connection with said foreclosure of mortgage on real property located at 448 Shepherd Avenue, Brooklyn, NY 11208 previously owned by plaintiff herein.

## DEMAND NON-JURY TRIAL

The Plaintiff appearing pro-se herein demands a trial by struck jury on all claims so triable before the court of this jurisdiction. Compensatory damages in the sum of $ 150,000.00 Dollars and punitive damages in the amount of $ 50,000.00 dollars.

Wherefore, your deponent respectfully prays for an order granting the relief demanded in the complaint and damages in the amount of $ 250,000.00 dollars and that the deed be void and returned back to the plaintiff as legal owner and ADVERSE POSSESSION of title for such other and to hold in abeyance any and all foreclosure proceedings and further relief this court may deem just and proper.

Penalties of Perjury

Sworn to before me this ___ day of ___ 20___

_____
Notary

By /s/ _____
Amin R. Mohammed
917-704-8577