UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMIN R. MOHAMMED,

                     Plaintiff,                  **MEMORANDUM & ORDER**
                                                                             18-CV-6704 (PKC) (LB)
  -against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION (FANNIE MAE),

                     Defendant.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On November 26, 2018, Plaintiff Amin R. Mohammed brought this *pro se* action, challenging a state judgment of foreclosure. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons set forth below, however, the Court dismisses the Complaint for lack of subject matter jurisdiction.

## BACKGROUND

According to Plaintiff's Complaint ("Compl.", Dkt. 1), the property located at 448 Shepherd Avenue in Brooklyn was subject to a foreclosure action under Index Number 507312/2014. (Compl. at ECF 3.)[1] Plaintiff now alleges that the foreclosure action was illegal, because the mortgage had been fraudulently reassigned, and that the judicial process was unconstitutional. (*Id.*) Plaintiff also asserts claims under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*, and various state law causes of action, and includes a lengthy description of the evils of predatory lending. (Compl. at ECF 8-12.) He does not provide any documents related to the

---

[1] "ECF" refers to the pagination generated by the CM/ECF system and not the document's internal pagination.

initial mortgage or the foreclosure action. Plaintiff seeks $250,000 in damages, declaratory relief, and injunctive relief, including a reversal and stay of the court-ordered foreclosure and vestment of title. (*See* Compl. at ECF 5, 13-14, 19-20.)

According to documents publicly available on the website for the New York State Unified Court System, the foreclosure action in Index Number 507312/2014 has already been resolved, with a judgment of foreclosure and sale entered on May 2, 2017 in the Supreme Court of the State of New York, Kings County. *See Federal National Mortgage Association ("Fannie Mae") v. Filpo, et al.*, No. 507312/2014, Judgment of Foreclosure and Sale (N.Y. Sup. Ct., Kings County, May 2, 2017), *https://iapps.courts.state.ny.us/webcivil/FCASSearch* (last visited 11/29/18). Although Plaintiff was listed as a defendant in the state foreclosure action, his interest in the property is unclear. *See id.*, Summons, Filed Aug. 8, 2014.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. Although the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (citations and internal quotations and alterations omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Lastly, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff asks this Court to overturn a state court judgment of foreclosure, a request that is precluded by the *Rooker-Feldman* doctrine. This principle, growing out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject-matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit clarified the four requirements for application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) the "plaintiff must complain of injuries caused by a state-court judgment"; (3) the "plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted). Each of these conditions is met in this case. First, Plaintiff and his co-defendants in the foreclosure action lost

in state court when the judgment of foreclosure was entered.  *See Fannie Mae v. Filpo, et al.*, No. 507312/2014, Judgment of Foreclosure and Sale (N.Y. Sup. Ct., Kings County, May 2, 2017.  Second, Plaintiff's injuries – the loss of legal rights in the premises – were caused by the state-court judgment.  (Compl. at ECF 3.)  Third, Plaintiff's requested relief is the rescission of the state court judgment.  (*See id.* at ECF 5, 13-14, 19-20, seeking injunctive relief, including a reversal and stay of the court-ordered foreclosure and vestment of title.)  Fourth, that judgment was entered on May 2, 2017, well before Plaintiff filed the instant lawsuit in federal court. (*See id.* at ECF 3; *Fannie Mae v. Filpo, et al.*, No. 507312/2014, Judgment of Foreclosure and Sale (N.Y. Sup. Ct., Kings County, May 2, 2017).)  For these reasons, *Rooker-Feldman* applies to the instant case, and this Court lacks jurisdiction to overturn the state court judgment of foreclosure under Federal Rule of Civil Procedure 12(h)(3).

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      November 30, 2018